STATE of Minnesota, Respondent,

v.

Mark Steven JOHNSON, Appellant.

No. C9–93–577.

Court of Appeals of Minnesota.

Feb. 8, 1994.

Review Denied April 19, 1994.

Hubert H. Humphrey, III, Atty. Gen., Steven H. Alpert, Asst. Atty. Gen., St. Paul, Ann L. Carrott, Douglas County Atty., Alexandria, for respondent.

John M. Stuart, State Public Defender, Charlann E. Winking, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Considered and decided by KALITOWSKI, P.J., and RANDALL and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant Mark Steven Johnson challenges his conviction for various drug offenses, arguing that (1) he was entrapped, and (2) the court erred in regard to *Spreigl* evidence. We reverse on entrapment.

## FACTS

After Mark Hagberg was arrested and charged with driving while intoxicated, authorities agreed to drop the charges if Hagberg participated in a "reverse sting" operation by setting up a certain quota of drug deals. Pursuant to this arrangement, Hagberg called appellant Mark Steven Johnson in April 1991 shortly after Johnson returned to Minnesota from Alaska. Hagberg thought Johnson might be interested in buying marijuana because they had been involved in some marijuana transactions in the early 1970s. Hagberg asked Johnson whether he wanted to buy any marijuana. Johnson testified that he simply told Hagberg that he was not interested, that he had no desire to buy any marijuana. Hagberg agreed that Johnson did not indicate any interest in buying any drugs at that time, but testified that Johnson nonetheless went so far as to inquire about the price and quantity.

A recording established that when Hagberg called back later, Johnson again indicated that he did not want any marijuana for himself, but that he would check to see if anyone else was interested. Johnson testified that Hagberg at some time offered a two-for-one (or half-price) deal. Hagberg initially denied making any two-for-one offers, but conceded that, if Johnson had believed the street (or resale) value for a pound was $2,500, then Hagberg's price of $1,200 would have been like getting two for one. But when the defense recalled Hagberg, he testified that he had in fact told Johnson that the price was like getting two for one. Then, on re-redirect, Hagberg maintained that a reasonable price at the time for the transaction he proposed was in fact anywhere from $1,000 to $1,500 per pound.

After several more calls and a meeting with undercover agents, Johnson assented to a transaction. Claiming to be acting only as a conduit, Johnson gave Hagberg $1,200 and instructed him to put the marijuana in the trunk of a car owned by and registered to someone else. The police placed the marijuana in the car trunk, retrieving it later.

Johnson was arrested and charged with an attempt to commit a controlled substance crime in the fifth degree in violation of Minn. Stat. §§ 152.025, subds. 2(1), 3(a), and 609.17, subds. 1, 4(2) (1990), and conspiracy to commit a controlled substance crime in the fifth degree in violation of Minn.Stat. §§ 152.025, subds. 2(1), 3(a), and 152.096, subd. 2 (1990).

Johnson agreed to have the issue of entrapment decided by the court. The trial court denied the entrapment defense, concluding that the authorities did not induce the crime and that the state knew of Johnson's "prior criminal activity and reputation for dealing in marijuana before any attempt was made to contact defendant." A jury subsequently found Johnson guilty as charged.

## ISSUES

I. Did the court err in ruling that appellant was not entrapped?

II. Did the court err in denying appellant's motion for a mistrial after the introduction of *Spreigl* evidence at trial?

## ANALYSIS

Johnson raises two issues: whether the court erred in denying his entrapment defense and whether the court erred in denying his motion for a mistrial after respondent introduced *Spreigl* evidence at trial.

■■■ Minnesota adheres to the subjective approach to entrapment. *State v. Grilli*, 304 Minn. 80, 89, 230 N.W.2d 445, 452 (1975). Under the two-part subjective approach, a successful entrapment defense requires, first, that the defendant show that the government induced the crime, after which the government must fail to show beyond a reasonable doubt that the defendant was predisposed to commit the crime. *Id.* Accordingly, an entrapment defense exists where the government has

lured the accused into committing an offense which he otherwise would not have committed and had no intention of committing.

*State v. Poague,* 245 Minn. 438, 443, 72 N.W.2d 620, 625 (1955). On the other hand, no matter how involved the government is in inducing the commission of a crime, the defense of entrapment [fails] if the government can prove beyond a reasonable doubt that the defendant was predisposed to commit the crime.

*State v. Ford,* 276 N.W.2d 178, 182 (Minn. 1979).

 The defendant bears the burden of proving government inducement by a fair preponderance of the evidence. *Id.* The government's action in inducing the crime must go beyond mere solicitation. *State v. Olkon,* 299 N.W.2d 89, 107 (Minn.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). Inducement requires "something in the nature of persuasion, badgering or pressure by the state." *Id.* In the present case, Johnson has shown by a fair preponderance of the evidence that the government induced the crime. Not only did the government solicit the encounter by initiating the "reverse sting," it also continued to press its offer even after Johnson initially refused to buy any marijuana.

Once the defendant has adequately shown government inducement, the burden shifts to the government to show *beyond a reasonable doubt* that the defendant was predisposed to commit the crime. *Grilli,* 304 Minn. at 96, 230 N.W.2d at 456.

 Predisposition may be established by: (1) the defendant's active solicitation to commit the crime; (2) defendant's prior criminal convictions; (3) defendant's prior criminal activity not resulting in a conviction; (4) defendant's criminal reputation, or (5) any other adequate means. *Id.* at 89, 230 N.W.2d at 452. A defendant's ready response to the government's solicitation of the crime satisfies the "other adequate means" basis for predisposition. *Olkon,* 299 N.W.2d at 108.

Here, the state claims it established predisposition beyond a reasonable doubt by Johnson's prior criminal activity. We disagree. A predisposition to engage in drug trafficking at the time of solicitation—the only relevant time—cannot be established by showing involvement in drugs some 20 years earlier. Otherwise, anyone ever involved with drugs would—for entrapment purposes—be forever "predisposed" to sell drugs.

Furthermore, the United States Supreme Court recently clarified that the state must prove the defendant was predisposed *"prior* to first being approached by government agents." *Jacobson v. United States,* —— U.S. ——, ——, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992) (emphasis added).

> When the Government's quest for convictions leads to the apprehension of an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law, the courts should intervene.

*Id.* at ——, 112 S.Ct. at 1543.

Here, Johnson refused to buy any marijuana when first solicited by Hagberg in April 1991. Johnson testified that he had no desire to buy marijuana because he had just returned to Minnesota from Alaska and no longer knew anyone to sell it to. He also testified that he planned to stay in Minnesota only briefly, and he believed it would be foolish to attempt to transport marijuana back across the Canadian border. (A witness testified that Johnson did not sell marijuana during the approximately nine-year period he lived in Alaska.)

Furthermore, Johnson told Hagberg that the marijuana sale was not important to him because the marijuana was not for himself. Johnson testified that he proceeded with the deal only to accommodate a friend, and that his friend supplied the money used to purchase the marijuana.[1]

The prosecution failed to show that Johnson would have purchased marijuana absent Hagberg's inducements. Accordingly, the

---

1. This point is only relevant to the fact that Johnson was not predisposed to commit the crime prior to the government inducement. We, of course, do not suggest that participating in criminal activity to accommodate a friend creates a license to violate the law.

state failed to establish beyond a reasonable doubt that Johnson was predisposed to commit the crime prior to the government's solicitation as a matter of law. *See Grilli*, 304 Minn. at 95, 230 N.W.2d at 455 (defendant may elect to have entrapment "heard and decided by the court as a matter of law").

Because we hold that the state entrapped Johnson, we need not reach the issue of whether the trial court erred in not granting a mistrial after the state elicited *Spreigl* evidence without notice.

## DECISION

There was entrapment.

**Reversed.**