*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0308**


State of Minnesota,
Respondent,

vs.

Brandon James Schroeder,
Appellant.


**Filed November 23, 2015
Affirmed
Bjorkman, Judge**


McLeod County District Court
File No. 43-CR-14-158

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael K. Junge, McLeod County Attorney, Daniel R. Provencher, Assistant County Attorney, Glencoe, Minnesota (for respondent)

Adam W. Klotz, Minneapolis, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Minge, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges his conviction of second-degree controlled-substance crime, arguing the evidence that he was predisposed to sell drugs was insufficient to overcome his entrapment defense and that the district court abused its discretion by denying him access to the confidential informant's cell phone. We affirm.

## FACTS

In August 2013, D.H. agreed to serve as a confidential informant for a multijurisdictional drug task force after being arrested for a felony drug offense in Redwood County. Between October 18 and December 19, D.H. conducted three controlled buys where he purchased methamphetamine from appellant Brandon Schroeder. D.H. initiated each controlled buy, contacting Schroeder via text message.

On January 30, 2014, Schroeder was charged in McLeod County with second-degree controlled-substance crime for selling drugs to D.H. In May, Schroeder filed notice of his intent to assert an entrapment defense and requested the release of information regarding D.H.'s identity, cell-phone records, and any agreement between law enforcement and D.H. On August 1, Schroeder's attorney asked the state to provide him with access to D.H.'s cell phone so it could be analyzed by an expert. Schroeder also requested the return of his own cell phone, which was allegedly seized during a search of his residence prior to his arrest. According to Schroeder, the state subsequently informed him that it did not have his cell phone and it had returned D.H.'s cell phone to D.H.

Approximately one week before trial, Schroeder filed a motion to compel the production of D.H.'s cell phone. The district court denied this motion. Following a three-day trial, the jury found Schroeder guilty of second-degree sale of a controlled substance, in violation of Minn. Stat. § 152.022, subd. 1(1) (2014), after being instructed on his entrapment defense. Schroeder appeals.

## DECISION

### I. The evidence was sufficient to establish Schroeder was predisposed to sell drugs.

When considering a sufficiency-of-the-evidence claim, this court examines the evidence in the light most favorable to the conviction to determine if it would permit a jury to reasonably conclude that the defendant was guilty of the offense. *State v. Nelson*, 812 N.W.2d 184, 187 (Minn. App. 2012). We assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).

To assert an entrapment defense, a defendant must first show by a fair preponderance of the evidence that the government induced the commission of the crime. *State v. Vaughn,* 361 N.W.2d 54, 57 (Minn. 1985). Once a defendant has shown inducement, the state must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime before being approached by the government. *State v. Johnson*, 511 N.W.2d 753, 755 (Minn. App. 1994), *review denied* (Minn. Apr. 19, 1994). Predisposition may be shown by (1) the defendant's active solicitation to commit the crime, (2) the defendant's prior criminal convictions, (3) the defendant's prior criminal

3

activity not resulting in a conviction, (4) the defendant's criminal reputation, or (5) any other adequate means. *State v. Grilli,* 304 Minn. 80, 89, 230 N.W.2d 445, 452 (1975). "A defendant's ready response to the government's solicitation of the crime satisfies the 'other adequate means' basis for predisposition." *Johnson*, 511 N.W.2d at 755 (quoting *State v. Olson*, 299 N.W.2d 89, 108 (Minn. 1980)).

Schroeder argues that the state failed to meet its burden of establishing predisposition and that we should review this sufficiency-of-the-evidence claim under the heightened standard applied to convictions based on circumstantial evidence. *See State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (discussing "heightened scrutiny" applied to convictions based on circumstantial evidence). We disagree.

The state presented direct evidence of predisposition, including the wire audio recordings of the controlled buys, the testimony of Deputy Hilleshiem and Officer Morris about their interactions with D.H. and what they heard over the wire as the buys transpired, D.H.'s testimony about the controlled buys and his past experiences buying drugs from Schroeder, and Officer Morris's testimony regarding Schroeder's prior drug-sale conviction. Testimony based on the direct personal knowledge of witnesses and Schroeder's real-time statements regarding the sale of drugs is not circumstantial evidence. *See Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004) (explaining that circumstantial evidence is not based on personal knowledge or observation). Schroeder's assertion that we must apply the heightened circumstantial-evidence standard of review is without merit.

4

The evidence also amply supports the jury's determination that Schroeder was predisposed to sell drugs. The state presented evidence on most of the *Grilli* factors. First, the jury heard wire recordings of all three controlled buys, which included Schroeder's unsolicited offers to arrange further drug sales to D.H. The recording of the second controlled buy also specifically revealed that in addition to selling D.H. methamphetamine, Schroeder gave D.H. free marijuana without prompting. Second, Officer Morris testified that Schroeder was convicted of selling drugs in 2011. Third, D.H. testified that he purchased methamphetamine from Schroeder five or six times before he became a confidential informant. In sum, this evidence demonstrates that even if D.H. initiated each sale, Schroeder readily embraced the opportunity to supply drugs, consistent with his prior track record of doing so. On this record, we conclude the evidence was sufficient to prove that Schroeder was predisposed to sell methamphetamine.

## II. The district court did not abuse its discretion by denying Schroeder's request for access to D.H.'s cell phone.

District courts are afforded "wide discretion" on discovery rulings. *State. v. Burrell*, 697 N.W.2d 579, 603 (Minn. 2005). Schroeder contends the district court abused its discretion by not ordering the production of D.H.'s cell phone because text messages on the phone may have undermined D.H.'s testimony that Schroeder was not pressured into selling drugs. We are not persuaded.

Schroeder had ample time to obtain cell-phone evidence—11 months between the time he was charged and trial. During that time, the district court granted Schroeder two

trial continuances, yet he did not move to compel disclosure of D.H.'s cell phone until eight days before trial. While Schroeder asserts that the state's failure to produce D.H.'s cell phone prevented him from obtaining text-message evidence, he also admits that he never subpoenaed D.H.'s phone records from his service provider. And the state did give Schroeder transcripts of the messages taken from either D.H.'s or Schroeder's cell phone. Moreover, Schroeder had equal access to the sought-after evidence—he could have acquired the same evidence from his own cell-phone records, as he participated in the text messaging. Because Schroeder failed to timely avail himself of both the means and opportunities at his disposal to secure cell-phone evidence well in advance of trial, we conclude the district court did not abuse its discretion by denying Schroeder's motion to compel production of D.H.'s cell phone.

**Affirmed.**