*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0555**

State of Minnesota,
Respondent,

vs.

Diego Hernan Suqui-Carchipulla,
Appellant.

**Filed February 6, 2017
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-15-16645

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan Segal, Minneapolis City Attorney, Sarah Becker, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and Tracy M. Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Diego Hernan Suqui-Carchipulla was found guilty of soliciting prostitution after a court trial at which the state introduced evidence that he agreed to pay money to an

undercover police officer in exchange for sexual contact. He argues that the district court erred by rejecting his entrapment defense. We affirm.

## FACTS

On the evening of May 13, 2015, a Minneapolis police officer was working undercover as a decoy prostitute on East Lake Street near 12th Avenue South. At approximately 9:00 p.m., the officer saw a vehicle moving slowly while the driver waved at her and made a pointing motion. Shortly thereafter, the driver circled the block and made eye contact again with the officer before turning onto 12th Avenue South, where he stopped along the curb. The officer walked to the stopped vehicle and approached the driver's window. The driver, who later was identified as Suqui-Carchipulla, rolled down his window.

At trial, the state introduced three forms of evidence of the undercover officer's conversation with Suqui-Carchipulla: an audio-recording made using a hidden microphone, a transcript of the audio-recording, and the officer's testimony. The officer began the conversation by asking Suqui-Carchipulla if he was looking for a "friend." The officer also asked Suqui-Carchipulla if he wanted her to perform fellatio. Suqui-Carchipulla twice asked the officer for her telephone number, but she twice declined. She then asked Suqui-Carchipulla if he wanted a "quickie." Suqui-Carchipulla responded by saying, "I just have ten bucks." The officer replied by asking, "You want a hand job for ten?" He promptly said, "Ah, sure." The undercover officer then used a code word that prompted back-up officers to approach the vehicle and arrest Suqui-Carchipulla. When the

2

back-up officers searched Suqui-Carchipulla incident to his arrest, they found $11 in his pocket.

The state charged Suqui-Carchipulla with soliciting prostitution in a public place, in violation of Minn. Stat. § 609.324, subd. 2(2) (2014). Suqui-Carchipulla waived his right to a jury trial, and the case was tried to the court. The state called two witnesses: the undercover officer and one of the arresting officers. The defense called one witness: an acquaintance of Suqui-Carchipulla who lives nearby, who testified that Suqui-Carchipulla stored car tires in his garage and had planned to pick up the tires sometime in May of 2015. Suqui-Carchipulla did not testify. In closing argument, Suqui-Carchipulla's attorney relied solely on an entrapment defense.

The district court issued written findings of fact and conclusions of law and found Suqui-Carchipulla guilty. The district court rejected Suqui-Carchipulla's entrapment defense on the ground that the undercover officer did not improperly induce him to commit the crime. The district court imposed a 180-day jail sentence, stayed for two years. Suqui-Carchipulla appeals.

### D E C I S I O N

Suqui-Carchipulla argues that the district court erred by rejecting his entrapment defense.

A person is guilty of soliciting prostitution if he intentionally and in a public place "hires, offers to hire, or agrees to hire an individual 18 years of age or older to engage in sexual penetration or sexual contact." Minn. Stat. § 609.324, subd. 2(2) (2014).

3

Entrapment is a defense to a charge of prostitution. *State v. Poague*, 245 Minn. 438, 443, 72 N.W.2d 620, 624-25 (1955); *State v. Ketter*, 364 N.W.2d 459, 463 (Minn. App. 1985).

> Entrapment exists where it appears that officers of the law lured the accused into committing an offense which he otherwise would not have committed and had no intention of committing. However, the general rule is that it is not unlawful to provide a person with the opportunity to voluntarily and deliberately do what there was reason to believe he would do if afforded the opportunity.

*Poague*, 245 Minn. at 443, 72 N.W.2d at 625 (footnote omitted).

An entrapment defense gives rise to a two-step procedure. First, "the defendant must raise the defense by showing by a fair preponderance of the evidence . . . that the government induced the commission of the crime." *State v. Vaughn*, 361 N.W.2d 54, 57 (Minn. 1985). To satisfy that burden, the defendant "must show 'something in the nature of persuasion, badgering, or pressure.'" *Id.* (quoting *State v. Olkon*, 299 N.W.2d 89, 107 (Minn. 1980)). Second, if the defendant has sufficiently raised the issue of inducement, the burden shifts to the state to "prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." *Id.*

In this case, the district court found that Suqui-Carchipulla did not satisfy his burden at the first step of the entrapment analysis because he did not show that the undercover officer improperly induced him to commit the crime by improper persuasion, badgering, or pressure. The district court stated in its order that the officer "did not badger or persuade the Defendant to commit a crime" and that "there is no evidence that [the officer] did anything other than provide an opportunity to the defendant to commit the crime of prostitution."

Suqui-Carchipulla contends that the evidence is insufficient to support his conviction. We construe his brief to say that, with respect to the first step of the entrapment analysis, the district court erred by not finding that he made a sufficient showing of inducement. If a defendant waives the right to a jury trial with respect to the issue of entrapment, this court applies a clear-error standard of review to a district court's findings of fact after a court trial. *See State v. Ford*, 276 N.W.2d 178, 183 (Minn. 1979).

Suqui-Carchipulla contends that the district court erred because the evidence shows that the undercover officer induced him to engage in the solicitation of prostitution after he stopped merely to ask for her telephone number. He notes that the officer "steered the conversation towards engaging in some type of sex act," that he asked her again for her telephone number, and that she then asked him if he wanted a "quickie." He contends that he "neither offered to hire the officer nor proposed any terms for her services" and that he "only acquiesced after significant pressure from the officer."

Suqui-Carchipulla made similar arguments to the district court, but the district court was not convinced. The record supports the district court's finding that Suqui-Carchipulla did not show improper inducement on the ground that there was an absence of any evidence of improper persuasion, badgering, or pressure by the undercover officer. We have listened to the audio-recording of the conversation between the officer and Suqui-Carchipulla, and we do not perceive anything that could be described as improper "persuasion, badgering, or pressure." *See Vaughn*, 361 N.W.2d at 57. The officer asked Suqui-Carchipulla only a few questions in a short period of time. To be specific, Suqui-Carchipulla agreed to a

5

"hand job" only 41 seconds after he and the officer began the conversation. The officer's manner of asking questions was not overbearing in any way.

The facts of this case are unlike the facts of cases in which appellate courts have concluded that improper inducement occurred. For example, in *Sherman v. United States*, 356 U.S. 369, 78 S. Ct. 819 (1958), a government informant persuaded the defendant to obtain narcotics for him after several meetings, including conversations in which the informant appealed to the defendant's sympathies by sharing his experiences with addiction, and caused him to capitulate only after overcoming the defendant's initial refusal and hesitancy. *Id.* at 373, 78 S. Ct. at 821. Similarly, in *State v. Johnson*, 511 N.W.2d 753 (Minn. App. 1994), *review denied* (Minn. Apr. 19, 1994), this court concluded that the state improperly induced the defendant to engage in a drug crime by offering to sell marijuana to him on multiple occasions and by setting up meetings with undercover agents despite the defendant's initial refusal. *Id.* at 754-56. On the other hand, the facts of this case are like the facts of cases in which appellate courts have concluded that improper inducement did not occur because an officer "merely provided defendant with an opportunity to commit the crimes," *see Vaughn*, 361 N.W.2d at 57, or the defendant "readily agreed to" engage in criminal conduct, *see Olkon*, 299 N.W.2d at 108. In this case, the record shows that Suqui-Carchipulla readily agreed to exchange money for sexual contact, with minimal encouragement. When the undercover officer offered him a "hand job" for ten dollars, Suqui-Carchipulla quickly agreed, without any delay or equivocation.

Thus, the district court did not err by finding that the undercover officer did not improperly induce Suqui-Carchipulla to commit the offense of soliciting prostitution.

Because that finding is sufficient to defeat Suqui-Carchipulla's entrapment defense, we need not consider Suqui-Carchipulla's second argument, that the state did not satisfy its burden of proving predisposition.

**Affirmed.**